## Commonwealth v. Killian

*K. L. Shirk*, for Commonwealth.
*Charles W. Eaby*, for defendant.

SCHAEFFER, J., October 9, 1934.—Complaint was made before a justice of the peace against defendant for violation of section 1016 of the Vehicle Code of May 1, 1929, P. L. 905. Defendant appeared, waived hearing, and gave bail for court. At the hearing in court the uncontradicted testimony shows that defendant, on July 5, 1934, failed to stop within a reasonable distance before entering the intersection at the corner of Brimmer Avenue and Jackson Street, in the Borough of New Holland, where a thru traffic stop sign had been erected. The defendant moved to quash the proceedings on the ground that "the record must show that all the prerequisites of the act have been complied with and this record does not show that the defendant received or was mailed a registered letter, as required by the act". Attached to the transcript and record in this case are a copy of the notice

purported to be mailed to the defendant and a copy of the receipt of the registered letter and a return card containing the name of Harry Killian, all of which were offered in evidence. Peter J. Bauer, a constable who apprehended the defendant in this case, testified that the defendant admitted to him that he received the notice in question.

The Act of June 22, 1931, P. L. 751, sec. 1202, requires that notice of the filing of information by the magistrate be sent to the defendant by registered mail prior to the issuance of the warrant thereon, within 7 days after information has been lodged, together with a copy thereof and a notice to appear within 10 days of the date of the written notice.

The defendant in waiving a summary hearing and giving bond to appear in court has not waived his right to raise the question now at issue.

In Commonwealth v. Carl, 43 Lanc. L. R. 391, defendant was prosecuted for reckless driving before an alderman. The transcript failed to show that notice of the filing of the information was sent to the defendant by registered letter as required by the Act of 1931, although the court return contained such notice. This court held that proceedings should not be quashed on that ground. The procedure prescribed by the statute in summary proceedings should be strictly followed. However, in the instant case the whole record as returned by the justice of the peace shows that this mandatory provision of the Act of 1931 with regard to said notice to the defendant was complied with. At the hearing in court the uncontradicted evidence as to the defendant admitting receipt of such notice corroborates the record in that respect.

And now, October 8, 1934, the motion to quash this proceeding is overruled and the defendant is found guilty of violation of section 1016 of the Vehicle Code of Pennsylvania, and is ordered to appear in court for sentence.